Jason E. Ankeny
State Bar I.D. 033151
130 N. Central Ave Ste. 309
Phoenix, AZ 85004
(602) 606-8848
Jason@ankenylawcorp.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Eden Enriquez, an individual, ) <br> Alberto Lopez, an individual, ) <br> Joel Almanza, an individual, ) <br> Rodolfo Valtierra, an individual; ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Thomas-Cary Design, LLP, an ) <br> Arizona professional limited ) <br> liability partnership, ) <br> Christine Fleming, an individual, ) <br> Thomas Fleming, an individual ) <br> Cary Thomas Fleming an ) <br> individual; ) <br> ) <br> Defendants. ) | Case No. <br><br><br><br><br><br><br>**Complaint**<br><br>**[Demand for Jury Trial]** |

COMES NOW, Eden Enriquez, Alberto Americano Lopez, Joel Almanza, and Rodolfo Valtierra ("Plaintiffs"), through undersigned counsel, to file their Complaint against Defendants as follows:

## INTRODUCTION

1. The Fair Labor Standard Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. §202(a). To accomplish these objectives the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§206(a), 207(a).

2. Employees must be compensated for all work performed that was authorized by the employer. *See* 29 C.F.R. §785.11. Employers may not accept the benefits of employees performing work without compensating employees for their work. *See* 29 C.F.R. §785.13.

3. Plaintiffs bring this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. §207.

4. Defendants had a consistent procedure and practice requiring its employees to work well in excess of forty (40) hours per week without paying them time and half for all hours worked in excess of forty (40) hours per week.

5. For several years prior to the filing of this action, Defendants had a willful consistent policy and practice of not paying its employees overtime.

6. Plaintiffs seek to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorney's fees, and costs pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action and the parties hereto pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

8. Venue is proper in this Court under 28 U.S.C. §1391(b) because all of the events or omissions giving rise to this matter occurred in this District.

9. The named Defendants, by virtue of their own acts and omissions or by virtue of acts or omissions committed by one or more of their agents, employees, or representatives, described herein, have conducted business or caused events to occur within the District of Arizona and, more specifically, within Maricopa County, Arizona as more particularly described herein so as to give rise to both subject matter jurisdiction and personal jurisdiction of this Court.

## PARTIES

10. At all times material hereto, Plaintiffs Eden Enriquez, Alberto Americano Lopez, and Joel Almanza, were and continue to be residents of Maricopa County, Arizona. Plaintiff Rodolfo Valtierra was a resident of Maricopa County, Arizona until February 2017, and now currently resides in San Bernardino County, California.

11. At all times material hereto, Defendant Thomas-Carey Design, LLP, an Arizona professional limited liability partnership, is an Arizona Professional Limited Liability Partnership Company, with its principal place of business in Maricopa County, Arizona. At all times material hereto, Defendants Cary Thomas Fleming,

Christine Fleming, and Thomas Fleming, were and continue to be residents of Maricopa County.

## ENTERPRISE COVERAGE

12. At all relevant times, Plaintiffs were "employees" of Defendants.

13. The provisions set forth in 29 U.S.C. §207 of the FLSA apply to Defendants.

14. At all relevant times, Defendants were and continued to be "employers" as defined in 29 U.S.C. §203(d).

15. Defendants should be deemed "employers" for purposes of the FLSA including, without limitation, 29 U.S.C. §216.

16. Defendants, upon the information and belief of Plaintiffs, is covered by FLSA's Enterprise Coverage. At all times material to this action, Defendants were and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. §203(s)(1).

## INDIVIDUAL COVERAGE

17. In the alternative, even if Defendants' income does not reach the $500,000 mark in any of the years, the Plaintiffs have Individual Coverage because they engaged in commerce or the production of commerce and are therefore individually covered.

## STATEMENT OF FACTS

18. Thomas-Carry Design, LLP, an Arizona professional limited liability partnership company, is a landscaping and excavation business operating in Maricopa County,

4

Arizona. Christine Fleming, Thomas, Fleming, and Cary Thomas Fleming are general partners of Thomas-Cary Design, LLP.

19. Defendants hired Plaintiffs to work on different property sites performing landscaping work to include maintenance and repair of residential and commercial properties. Plaintiff Eden Enriquez was employed by Defendants for over twelve (12) years; Plaintiff Alberto Lopez was employed by Defendants for seven (7) years; Plaintiff Joel Almanza was employed by Defendants for four (4) years; and Plaintiff Rodolfo Valtierra was employed for over one (1) year.

20. Plaintiffs' job duties included but were not limited to mowing lawns, trimming flowers and other flora, planting seeds, digging holes, applying pesticides, herbicides, and fungicides, lifting and transport heavy boulders, operating tools for maintenance, as well as a myriad of other duties.

21. Plaintiffs regularly worked eleven (11) to twelve (12) hours a day. In addition, on a monthly average, they were also assigned to work Saturdays.

22. Defendants compensated Plaintiffs at a flat rate on a weekly basis. Plaintiff Enriquez was paid $360 by check and $320 by cash every week. The remaining three Plaintiffs were all paid in cash with Plaintiff Lopez and Plaintiff Almanza both compensated at $560 a week and Plaintiff Valtierra at $450 a week.

23. Plaintiffs were nonexempt employees.

24. Plaintiffs had no supervision or management responsibilities.

25. Plaintiffs could neither hire nor fire employees.

26. Plaintiffs had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out their job responsibilities.

27. Defendants managed, supervised, and directed all aspects of Plaintiffs' job duties and responsibilities.

28. Plaintiffs' primary duties were not the performance of work directly related to the management or general business operations of Thomas-Cary Design, LLP.

29. Plaintiffs' primary duties were not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

30. Plaintiffs did not perform work requiring advanced knowledge.

31. Plaintiffs did not perform work in a field of science or learning.

32. Plaintiffs did not have an advanced degree and were not required to have one to perform the work.

33. The knowledge required to perform the work of a landscaper is not acquired by a prolonged course of specialized intellectual study.

34. Plaintiffs' work did not require them to analyze, interpret, or make deductions from varying facts or circumstances.

35. Plaintiffs' duties were carried out in a mechanical and routine manner and they had not authority to make independent decisions in performing those duties.

36. Plaintiffs' duties were performed for Defendants for an ongoing and permanent basis.

37. Plaintiffs' work did not require invention, imagination, originality, or talent.

38. Plaintiffs' work did not require creative or original analysis and interpretation.

39. Plaintiffs' work required to work almost daily from sunup to sundown five (5) days a week with the occasional six (6) day workweek when scheduled on Saturdays.

40. Despite regularly working between twelve (12) and sixteen (14) hours a day, Plaintiffs were only compensated for 40 hours per week.

41. Defendants did not pay Plaintiffs for hours worked over 40 hours in a week.

42. Defendants did not pay Plaintiffs overtime.

43. Plaintiffs were not commissioned employees.

44. Plaintiffs were terminated without cause by Defendants on or about January 14, 2017.

45. Plaintiffs have retained the law firm of Jason E. Ankeny, P.S. Inc. to prosecute their claims against Defendants on their behalf.

### COUNT ONE

### OVERTIME VIOLATION – 29 U.S.C. §207

46. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

47. While employed by Defendants, Plaintiffs worked multiple hours of overtime per week.

48. Plaintiffs were non-exempt employees.

7

49. Defendants intentionally and willfully failed and refused to pay Plaintiffs overtime according to the provisions of the FLSA.

50. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with 29 U.S.C. §207.

51. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with 29 U.S.C. §207.

52. Pursuant to 29 U.S.C. §216, Defendants are liable to Plaintiffs for an amount equal to one and one-half time their regular pay rate for each hour of overtime worked per week.

53. In addition to the amount of unpaid wages owed to Plaintiffs, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b).

54. On information and belief, Defendants' conduct in failing to properly compensate Plaintiffs, in violation of the FLSA, was willful.

55. Defendants have not made a good faith effort to comply with the FLSA. Plaintiffs have been required to bring this action to recover their overtime compensation and their statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiffs have incurred costs and attorney's fees.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

a. Awarding Plaintiffs overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiffs' regular rate of pay while working for Defendants, in an amount to be proved at trial;

b. Awarding Plaintiffs double liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiffs reasonable attorney's fees, costs, and expenses of the litigation pursuant to 29 U.S.C. §216(b);

d. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

## COUNT TWO

## DECLARATORY JUDMENT

56. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

9

57. Plaintiffs and Defendants have an overtime compensation and wage dispute pending.

58. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-02.

59. Plaintiffs are entitled to declarations, and requests that the Court make declaration as to the following matters and as to other matters deemed appropriate by the Court:

   a. Defendants employed Plaintiffs
   b. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.
   c. Plaintiffs are individually covered by the overtime provisions of the FLSA.
   d. Plaintiffs were non-exempt employees pursuant to the FLSA.
   e. Defendants failed and refused to make payments of overtime compensation to Plaintiffs, in violation of the provisions of the FLSA.
   f. Defendants' failure to pay overtime compensation to Plaintiffs was willful.
   g. Plaintiffs are entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiffs' regular rates of pay.
   h. Plaintiffs are entitled to an equal amount as liquidated damages.

        i. Plaintiffs are entitled to recover their costs and reasonable attorney's fees incurred in prosecuting their claim.

60. It is in the public interest to have these declarations of rights recorded as Plaintiffs declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

61. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

    a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

    b. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

    c. For such other and further relief as the Court deems just and proper.

Dated: August 29, 2017        Respectfully submitted,

                                        Jason E. Ankeny P.S., Inc.

By: _____

Jason E. Ankeny

Attorney for Plaintiffs